Good afternoon. May it please the court, my name is Peter Abbott Horst and I am here to make an appeal to the employer and the plaintiff appellant, National Express Corporation. In this case, in summary I would like to say that arbitrator Cronin presided over the original trial and he determined that the defendant could not prove that his injury arose out of his employment because he had voluntarily exposed himself to an unnecessary personal risk. This was done for his own convenience. The commission then overturned the arbitrator and the decision was affirmed by the circuit court. Based upon the submitted briefs and our arguments here today, I submit that that decision should be overturned. The underlying facts of this case are fairly straightforward and they are not in dispute. The defendant is a 63-year-old man who had bad needs and on the morning of February 10, 2014, at around we know the facts. He was working as a school bus aid. It was his job to check the bus' fluid levels, okay. There's a snow pile in the way, it's in between. He chooses to step over the snow pile. He slips and he falls, correct? That's correct. Okay. So when he fell, he was in the process of completing his activities, doing what he was supposed to do. So you're saying the problem was he stepped out of the snow pile for his own personal convenience? He wasn't doing performing work at that time? I think he had jobs and certain parts of his job to still complete. But what he chose to do was take a shortcut that put him in a dangerous or risky situation. So is contributory negligence a factor in these cases? I would say that you could consider it a factor, but... Again? I think more importantly, the Supreme Court has said that if someone unnecessarily increases their risk of injury, it's only for their own benefit. Well, there's the rub, and this is the problem that I'm having with the argument, and I want to be fair to you. How is this for his own personal convenience? You cited a case that I think you emphasized quite a bit was the case in which the employee took a certain route leaving the employment, but that person was already off the clock and they were leaving the premises. He's working here. His convenience, he's still doing the job. Whether he walks around the bus or walks in between them in the snow pile, he's still in the process of performing an act that's part of his job. And I see exactly where you're coming from. I think what we would do is look at the picture of how these buses are in the lot. They're separated into two lines. They're facing each other, and in the middle of these buses is a snow pile that stretches all the way down the lot. There's no way to cross unless you have to go over that snow pile. However, there's a clear path that you can take to go around the snow pile. Now, that may take a little bit longer for you to do. It might take a little bit longer for the man to complete his entire task that he's assigned that morning. And I think... So say, look, admittedly, he wanted to save time, let's say, and so he went into the snow pile. But how does it take this out of the realm of being a compensable risk and transform it into a situation where he's acting solely for his own personal convenience, by the way you're saying that? Personal convenience means he's really not acting in the employee's interest when he does it. Well, I don't think he was... He wasn't completing a certain task when he was crossing the snow. He was. He was going to check the fluid level. Well, he was only trying to get somewhere. To check the fluid level. Well, wait a minute. But he wasn't going to play tennis. No. He was going over there because he wanted to check the fluid level in buses, which was his job. So he may have done it negligently. But the fact of the matter, in climbing over this pile, he was still in furtherance of his duties. He was going towards the place he had to work. And if he was walking on a shop floor in a factory and simply walking to... And maybe he had to get to another part of the shop floor. I would put it that it's akin to that type of situation where he had to get to another part of the lot. And instead of walking on But it's snow. It's not a hard surface. No, but snow is slippery and there could have been ice under the snow. So as he says, I'm intrigued by your earlier argument, and I can't leave it hanging in the air, as Justice Hoffman alluded to. He was in the process in furtherance of doing his job. Perhaps he was considered to be, in the big scheme of things, somewhat negligent and careless in doing that. Does that mean it's not compensable? Is contributory negligence considered in workers' compensation cases? Did we miss something there? No, but if you – the arbitrator who heard his testimony and heard him talk about what he did said, look, this shortcut certainly didn't get him to the point where it should be compensable. But the arbitrator isn't the fact finder. The commission is. I know. And if you look at the commission's decision itself, they don't give much deference to, I think, what the arbitrator found. They don't have to. I know. And that's what – the nuance is that they're missing. The commission seemed to say just because he chose a more risky or more hazardous manner to cross the bus yard, we're not even going to look at that. And that's wrong. There's no reason to reward an employee for taking that route. And that's why we're opening the case. Let's contrast this to the Datsun case that you cite. Okay. In Datsun, it was an employee leaving the premises, okay? Her shift had ended and she was walking to her own personal vehicle, correct? Yes. It was found that this was a voluntary decision that unnecessarily exposed her dangers entirely separate from her employment responsibilities. The choice in doing that was personal in nature, designed to serve her own convenience, and the third element was it was not in the interest of her employer. At the time he fell, he was acting in the interest of his employer. He was still on the clock. He wasn't leaving the premises, was he? Or he wasn't going to play tennis, as my learned colleague alluded to. Thank you for that example. Well, he was going to play tennis. And I understand that he may still have had specific job responsibilities to complete, but certainly put himself in the more risky situation. Yes. Let's assume he did that. He was not, you know, in furtherance of his job duties either. And in no, stepping in the snow, but he was in the process of completing his job duties, even though he stepped in the snow. Certainly stepping in the snow was not a part of his assigned duties.  But unlike the claimant in Datsun, he was in the process, though, of fulfilling his responsibilities, that is, traversing one area to the other to check the fluid levels. Did you prepare this brief? I worked on it with someone else. Oh, are you aware of the rule that requires the arbitrator's decision, these decisions to be attached to the briefs? Or do you think the arbitrator's decisions are of any importance? It seems to be the only thing you've got going for you at this point. Of course I have. Then it's not here. I understand. So some violations of the rules could have been stricken. Yeah. And it's not helpful, especially when you direct our attention to the arbitrator's brief, to not find it in the briefs. I appreciate that. In any event, you're sticking to the personal convenience, right? I think that that is our best argument here. It is your best argument. And I think it's clear that when an employee puts themselves in this type of riskier situation, they shouldn't be rewarded. And based on the briefs and the prior case law, that's what we would say. Very good. Do you have time in reply? Yes. Good afternoon. Good afternoon, Justices. May it please the Court. May it please the Court. My name is Roberto Acevedo. I'm here representing the defendant appellate, Ronald Eglinton. There are, before we get into the issue, which the commission and the circuit court affirmed that the injury did arise out of the employment, I do want to touch on very briefly on the standard of review. Counsel in his brief indicated the standard of review was to no. I disagree with that. I believe the standard of review is manifestly to the evidence because although the facts are undisputed, they are, there could be more than one reasonable inference drawn from the facts presented. And that's the only thing I can say on that issue. I'm sorry, Justice, if you have any questions on that. No. Moving into the main issue of the case, whether the injury arose out of the course of the employment, some of the Justices touched on cases that I'll briefly touch on and reiterate. Dawson, for example, as was mentioned previously by the court, the claimant there was done well for the day. Her shift had ended. She was walking to the parking lot. It started raining heavy. Rather than proceed along the concrete sidewalk, she did what was convenient for her and solely hers so that she wouldn't get wet. She ran across a slopey, wet grass, and she fell. The court probably found that that was so for her benefit, nothing in furtherance of the employer's benefit. I do want to touch on a couple of cases which I did cite, and I think they're almost on point. Those cases are the Chadwick case as well as the Republican-Heinz case. In Chadwick, the claimant fell to his death when he was on a scaffold about 75 feet off the ground, and rather than use a lifeline to tether herself because it wasn't conducive to him moving around on the scaffold, he fell to his death. In that case, you can absolutely argue that he was grossly, or his conduct was gross. He should have been murdered. A grossly negligent. Yes, a grossly negligent. But, you know, Your Honor, to ask if that's something that should be considered, no. As we know, it's important in compensation cases that it's not a factor that should be considered in compensation. You know, in that case, the court, in the Chadwick case, the court held that the claimant was carrying out the duties that he was hired to perform as an employer. And you're saying that's what the claimant was doing here when he fell in the snow? Yes, Your Honor. You know, the claimant was, you know, maybe he had chosen the best route because he had gone around. Yes. He had to be in the parking of the bus yard at 9 o'clock in the morning to check before there were 22 buses. He was doing what was faster, and doing so, he stepped over a pile of snow, slipped, fell, and injured his knee. I think the commission pointed that this wasn't unreasonable, going to the claimant, going over a pile of snow. It was, I think the record indicates it was about a foot high. He wasn't flying. He wasn't jumping over a pile of snow. In addition, he also had cleats that the respondent or pointer of the missionary provided him. But even with the cleats, he ended up falling. So although maybe not the best choice, negligence is not a factor to be considered. In consideration of the case, the Chadwick case. Yes, sir. How is the risk associated in Chadwick and the risk associated in this case immensely different? Yes, sir. Is there any way to define that? Is there any consideration of the level of risk taken by the employer? Well, I would say that the level of risk that was taken in Chadwick compared to this matter was substantially higher. If the court deemed the Chadwick risk, even though there was gross misconduct on behalf of the claimant who fell to his death, you know, in this case we have someone just walking over, stepping over a foot of snow versus. And in both cases, the Chadwick, assuming the employer provided the worker with the mechanism and the worker chose not to use it. Correct. In this case, the employer provided the cleats, the ice cleats, and those aren't provided unless you're expected to be walking on snow or icy places. And in this case, the claimant actually did wear what the employer provided. Correct. That is correct, Your Honor. So, you know, which even shows, you know, it doesn't compare when you compare it to Chadwick. It doesn't compare in terms of the negligence that the claimant in Chadwick. That's a good point, although I'm thinking what he's saying is true. This is minimal. Seventy-five feet in the air, if you fall, you're likely to die. Here, you're not likely to die stepping in a snow pile. Yes. But, again, the negligence aspect is irrelevant, is it not? It is irrelevant. And just to, I guess, kind of just, I'll touch on it briefly on the Kimes case. In that case, the claimant didn't fall seventy-five feet. In that case, the claimant was, left the keys, as Your Honors may know, he was in charge of maintaining the employer's furnace and the heating and the air conditioning, left the keys to the cell basement, in the cell basement, and got wiped out. But rather than call security, management, or even break a glass key box to get in because he didn't want to get in trouble, he decided to go down a pathway and, either falling twenty feet, injured himself. In that case, the court also stated that, although that's not the brightest thing to do, that's not necessarily the best thing to do. There were, obviously, more reasonable options to him, to the claimant, and despite his negligence, it shows that it did fall within the incompensable case, it did rise up out of the employment. This is a pure assessment to that. So, and I don't like the result of Chadwick Forehouse, frankly, because neither, in either of those cases, did an employer expect an employee to act in the way they did. In this case, however, the distinction I make is that the employer gave the employee the cleats, stuck them in the wall to traverse over icy, slippery ground, and the employee used them, and fell. Thank you. Thank you. Counsel, no reply? Okay. Thank you, counsel, both, for your arguments in this matter. It will be taken under advisement that this position shall issue.